(Pleito No. 186.—Fallado el 3 de Abril de 1902.)

## FINLAY contra EL REGISTRADOR DE LA PROPIEDAD.

### SOLICITUD de un *Mandamus*.

1.—PODER. Cuando por un socio se confiere poder para representar la sociedad en asuntos que afectan ó puedan afectar á bienes raíces, debe haber prueba documental de la autoridad del socio otorgante para obrar en nombre de la sociedad.

2.—AUTENTICIDAD DE DOCUMENTOS INSCRIBIBLES.   Las formas y solemnidades de los contratos, testamentos y demás instrumentos públicos se rigen por las leyes del país en que se otorgan; pero la simple certificación de un Notario en Nueva York de que los firmantes reconocieron el documento ante él, resulta insuficiente, con arreglo á las leyes del Estado de Nueva York, y tal documento no es inscribible.

### RESOLUCIÓN.

San Juan, Puerto Rico, Abril tres de mil novecientos dos. —Visto el presente recurso gubernativo interpuesto por Don Jorge Isidoro Finlay contra negativa del Registrador de la Propiedad de esta Capital á subsanar los defectos anotados en el asiento de cancelación de una hipoteca.—Resultando: Que conferido poder especial á favor de Don Tomás George J. Waymouth por William F. Armstrong en su carácter de gestor de la mercantil que gira en la Ciudad de New York bajo la razón de " L. W. y P. Armstrong", para que otorgara á favor de Don Jorge Isidoro Finlay carta de pago y cancelación total de un crédito hipotecario por la suma de cien mil pesos que era en deber el expresado Finlay á la referida sociedad " L. W. y P. Armstrong", con hipoteca impuesta sobre la hacienda de su propiedad titulada " Carmen", sita en el término municipal de Vega Alta, así lo verificó el Sr. Waymouth por escritura otorgada ante el Notario de esta Capital Don Mauricio Guerra Mondragón y Mejía en veinte y dos de Agosto último, y presentada dicha escritura en el Registro de la Propiedad de esta Capital para la cancelación de la hipoteca, la canceló el Registrador, pero haciendo constar el defecto subsanable de no acreditarse el carácter de socio de "L. W. y P. Armstrong, de

New York", con que Mr. William F. Armstrong había conferido el poder á Don Tomás George Waymouth.— Resultando: Que para subsanar dichos defectos presentó después en el Registro de la Propiedad el interesado Sr. Finlay dos documentos otorgados en la misma Ciudad de New York y suscritos, el uno por los Sres. Charles P. Armstrong, Roland D. Armstrong y William F. Armstrong, declarando que son los únicos que componen la sociedad mercantil de "L. W. y P. Armstrong", residentes en el número 106, Wall Street, de la referida Ciudad, teniendo cada uno derecho amplio y completo para firmar á nombre de la expresada sociedad en cualquiera de sus actos; y el otro por los Sres. Charles P. Armstrong y Roland D. Armstrong en el que declaran como socios de la mercantil que gira en la Ciudad de New York bajo la razon de L. W. y P. Armstrong, que el poder otorgado ante Notario público en fecha seis de Agosto de mil novecientos uno, por la mencionada sociedad á favor de D. J. C. Waymouth, de esta Ciudad de San Juan, es verdadero y legal en todo sentido, y que Mr. William F. Armstrong, en su capacidad de socio de la mercantil L. W. y P. Armstrong, tenía autoridad competente para firmar por dicha sociedad, declarando, además, que el haber él firmado el referido poder, tenía su más completa aprobación y que ratificaban dicho acto.— Resultando: Que al pie de dichos documentos obra una nota ó certificación, puesta por el Notario Mr. Coombs, que traducida literalmente, dice: "Reconocido ante mí este día catorce de Septiembre de mil novecientos uno, J. B. Coombs, Notario (King's County) certificado en el Condado de New York", cuyos documentos tampoco han sido admitidos por el Registrador de la Propiedad, para el efecto de extender la nota marginal de subsanación del defecto consignado en el asiento de cancelación de la hipoteca, por no ser suficientes para acreditar que los Sres. Roland, Charles y William Armstrong, que los suscriben, sean los únicos componentes de la sociedad L. W. y P. Armstrong, y porque tampoco

puede reconocerse á dichos documentos el carácter de títulos inscribibles, por no estar revestidos de los requisitos y formas externas que exige la Ley; y que notificada la negativa del Registrador al Sr. Finlay, no estuvo conforme, por lo que remitió dicho funcionario los documentos presentados á este Tribunal Supremo, para la resolución correspondiente.— Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando: Que con arreglo al artículo 11 del Código Civil vigente, las formas y solemnidades de los contratos, testamentos y demás instrumentos públicos se rigen por las leyes del país en que se otorguen.—Considerando: Que la nota puesta por el Notario Mr. Coombs en los dos documentos últimamente presentados en el Registro de la Propiedad, por Don Jorge Finlay, para subsanar el defecto anotado por el Registrador, en el asiento de cancelación de la hipoteca de que se trata, no es bastante para acreditar la autenticidad de las firmas de los Sres. Roland, Charles y William Armstrong, que lo autorizan, ni la identidad de sus personas, pues con arreglo á las leyes que rigen en el Estado de New York, en los documentos de esa clase, que afectan ó puedan afectar á bienes raíces, deben los Notarios que los autorizan, ser más explícitos y dar fe del conocimiento personal de los otorgantes y de que á su presencia han sido otorgados, ó que así lo han manifestado á su presencia los que los suscriben; requisitos de que carecen los documentos de que se trata, y por consiguiente, no pueden estimarse como auténticos, á los efectos para que han sido presentados en el Registro de la Propiedad.—Vistos el artículo 11 del Código Civil y el 30 de la Ley Hipotecaria vigente en esta Isla.—Se confirma la nota denegatoria puesta por el Registrador de la Propiedad de esta Capital, al pie de la escritura de que se trata en el presente recurso, y devuélvase dicha escritura al Registrador, con los demás documentos presentados y copia certificada de la presente resolución, que se publicará en la *Gaceta Oficial*, para su conocimiento y demás efectos que proceden. — Lo acor-

daron y firman los señores del Tribunal Supremo, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.—Antonio F. Castro, *Secretario*.